**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------------------X
SEZAR MORALES LINARES, *individually and on behalf of the collective and class members,*

                                                        Case No.:

                         Plaintiffs,

                                                  **COLLECTIVE & CLASS**
                                                    **ACTION COMPLAINT**
         -against-

                                                    **JURY TRIAL DEMANDED**

SACATON, CORP. D/B/A TRUFA RESTAURANT,
SATO RESTAURANT CORP. D/B/A TRUFA PIZZERIA,
and EDUARDO PENAFIEL *personally, and individually,*

                                     Defendants.
------------------------------------------------------------------------------------X

      Plaintiff Sezar Morales Linares ("Morales" or "Plaintiff") individually and as and for all similarly situated employees, by and through his attorneys, Emre Polat, PLLC, alleges against SACATON CORP. d/b/a Trufa Restaurant ("SACATON"), SATO RESTAURANT CORP. d/b/a Trufa Pizzeria ("SATO"), and Eduardo Penafiel ("Penafiel") (SACATON and SATO collectively referred to as the "Corporate Defendants" and with Penafiel as, the "Defendants"), upon information and belief, as follows:

## NATURE OF THE CLAIMS

1. This case arises out of the Defendants' willful and systemic wage violations, resulting in deliberate underpayment of wages to Plaintiff and the Collective and Class members in violation of the federal and state wage laws.

2. Plaintiff brings this action to recover unpaid wages owed to him and similarly situated employees pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.*

1

("FLSA") and the New York Labor Law ("NYLL") §§ 650 *et seq*.

3. Plaintiff alleges on his behalf and on behalf of other similarly situated current and former employees of Defendants that Defendants *willfully* violated the FLSA and NYLL.

4. Plaintiff alleges that Defendants willfully violated the FLSA and NYLL by (i) failing to pay the minimum wage, (ii) failing to pay overtime premium pay; (iii) failing to provide meal breaks (iv) failing to pay spread-of-hour pay (v) failing to provide the Notice of Acknowledgement of Payrate and Payday under N.Y. Lab. Law §195.1, (vi) failing to provide an accurate wage statement under N.Y. Lab. Law §195.3, and (vii) improperly retaining gratuities meant for the employees.

5. Plaintiff alleges pursuant to the FLSA and NYLL that he and similarly situated employees are each entitled to recover from Defendants: (1) unpaid overtime; (2) unpaid minimum wage; (3) unpaid spread-of-hours pay; (4) penalties for wage notice violations; (5) misappropriated tips; (6) liquidated damages; (7) interest; and (8) attorneys' fees and costs.

6. Plaintiff brings FLSA claims on behalf of himself and all other similarly situated employees who worked for the Defendants at any time during the three (3) years prior to the commencement of this action ("Collective Action Members").

7. Plaintiff brings NYLL claims on behalf of himself and all other similarly situated employees who worked for the Defendants at any time during the six (6) years prior to the commencement of this action ("Class" or "Class Action Members").

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 because this action involves federal questions regarding the deprivation of Plaintiff's rights under the FLSA. Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiff's related claims under New York state law.

9. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this district because a substantial part of the events or omissions giving rise to this action occurred in this district.

10. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

### Plaintiff

11. Plaintiff Morales is an individual residing in New York County, New York.

12. At all times relevant, Plaintiff Morales was employed by Defendants as a non-exempt employee.

13. Plaintiff seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b) which include employees at Defendants' restaurants.

14. Plaintiff is a former employee of both Trufa Restaurant and Trufa Pizzeria owned and operated by the Defendants.

15. Plaintiff was a non-exempt employee providing non-exempt services such as preparation of food and pizza.

16. Defendants exerted significant and substantial control over the performance of duties of the Plaintiff such that he is an "employee" of the Defendants.

### Defendants

17. Defendant SACATON is a domestic corporation existing under the laws of New York.

18. At all times relevant to this action, Defendant SACATON has been a business or enterprise engaged in interstate commerce within the meaning of the FLSA in that it has had employees engaged in commerce or in the production of goods for commerce, and handles, sells, or otherwise works on goods or materials that have been moved in or produced for commerce by any person and had an annual gross volume of sales not less than $500,000.00.

19. Defendant SATO is a domestic corporation existing under the laws of New York.

20. At all times relevant to this action, Defendant SATO has been a business or enterprise engaged in interstate commerce within the meaning of the FLSA in that it has had employees engaged in commerce or in the production of goods for commerce, and handles, sells, or otherwise works on goods or materials that have been moved in or produced for commerce by any person and had an annual gross volume of sales not less than $500,000.00.

21. Upon information and belief, Defendant Eduardo Penafiel, was and is a resident of the State of New York.

22. At all times herein, Defendants SACATON and SATO operate restaurants at the direction and control of Defendant Penafiel.

23. At all times, Plaintiff could complain to Defendant Penafiel directly regarding any of the terms of his employment, and Penafiel would have the authority to effect any changes to the quality and terms of Plaintiff's employment.

24. Defendant Penafiel exercised control over the employment terms and conditions of Plaintiff and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff.

25. Defendant Penafiel exercised functional control over the business and financial operations of employees, including payments of wages, recording hours, tax withholdings, wage notices, and adhering to Federal and State regulations for employment practices and compensation.

26. At all relevant times, Defendant SACATON is an "employer" and an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL, and the regulations thereunder.

27. At all relevant times, Defendant SATO is an "employer" and is an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL, and the regulations thereunder.

28. At all relevant times, Defendant Penafiel is an "employer" and is an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL, and the regulations thereunder.

29. Defendant Penafiel owns, operates, or controls several restaurants through the Corporate Defendants SACATON and SATO.

30. The acts of the Corporate Defendants were authorized, directed or accomplished by Defendant Penafiel, by himself or his agents, officers, employees, or representatives, while actively engaged in the management of Defendants' business, including implementing employment and wage practices.

31. Each Defendant, either directly or indirectly, has hired and fired Plaintiff and other employees, controlled the work schedule and employment conditions, determined payment rate, and kept at least some records regarding Plaintiffs' employment.

32. At all relevant times, the Corporate Defendants had the same employment policies and practices at the respective restaurants as observed by Plaintiff.

## STATEMENT OF FACTS

**Plaintiff's Employment**

33. Defendants SACATON and Penafiel own and operate Trufa Restaurant, a casual Italian restaurant located at 3431 Broadway, New York, New York 10031.

34. Trufa Restaurant is open every day of the week for breakfast, lunch, and dinner service.

35. Defendants SATO and Penafiel own and operate Trufa Pizzeria, a pizza restaurant located at 3161 Broadway, New York, New York 10027.

36. Each restaurant owned and operated by the Defendants provides food service.

37. Each restaurant owned and operated by the Defendants follows the same unlawful employment and wage policies and procedures.

38. Based on Plaintiff's employment at both restaurant locations and discussions with employees at

5

both restaurant locations owned by Defendants, the employees are subjected to the same unlawful wage violations, whereas they are not paid minimum wage and overtime premiums, and withheld tips.

39. Plaintiff Morales commenced employment at Trufa Restaurant on or about April 2018 as a cook.

40. While working at Trufa Restaurant, Plaintiff Morales prepared the food, cleaned and swept the restaurant and bathrooms at Defendants restaurant.

41. While working at Trufa Pizzeria, Plaintiff Morales took customer orders, prepared the pizza, cleaned and swept the restaurant and bathrooms at Defendants restaurant.

42. At all times relevant, Plaintiff Morales provided non-exempt services at Trufa Restaurant and Trufa Pizzeria.

43. While working at Trufa Restaurant, Plaintiff was subject to illegal employment wage policies and practices and witnessed other similarly situated employees subject to the same such policies of underpayment of wages.

44. Plaintiff Morales was scheduled to work from 4pm to close, which was often around 1-2am, six days per week, at the Trufa Restaurant location noted above.

45. Plaintiff Morales worked on average over 60 hours per week at Trufa Restaurant.

46. Defendants compensated Plaintiff at flat rate of $350 dollars per week regardless of the number of hours worked.

47. Plaintiff ceased employment with Trufa Restaurant on or about January 2019.

48. Plaintiff Morales commenced employment at Trufa Pizzeria on or about January 2021.

49. While working at Trufa Pizzeria, Plaintiff Morales took customer orders, prepared pizza, cleaned and swept the restaurant and bathrooms at Defendants pizzeria.

50. At all times relevant, Plaintiff Morales provided non-exempt services at Trufa Pizzeria.

51. While working at Trufa Pizzeria, Plaintiff was subject to illegal employment wage policies and practices and witnessed other similarly situated employees subject to the same such policies of underpayment of wages.

52. Plaintiff Morales was scheduled to work six days per week working on average 60 hours a week at the Trufa Pizzeria location noted above.

53. Defendants compensated Plaintiff a flat wage of $600 per week regardless of the number of hours worked at the Pizzeria.

54. Plaintiff ceased employment with Trufa Pizzeria on or about October 2022.

55. Plaintiff was compensated solely in cash every week for the entirety of his employment with Defendants.

56. Plaintiff never received any wage statements during the entire time period that he was employed by Defendants.

57. At all times relevant, Defendants failed to compensate Plaintiff the minimum wage and overtime premiums.

**Defendants' Illegal Wage and Corporate Policies**

58. Defendants paid Plaintiff below the minimum wage.

59. Despite the fact that Plaintiff worked over forty (40) hours each week, Defendants did not pay him overtime premiums of one and one-half (1.5) their hourly rate.

60. Plaintiff was harmed by the corporate policies of Defendants, including failing to pay minimum wage for all hours worked, overtime premiums and spread-of-hour premiums and failing to provide wage statements and wage notices.

61. Defendants did not provide Plaintiff with proper wage notices at the time of hire or by February 1 of each year.

62. Defendants failed to provide accurate wage statements to Plaintiff which reflected, among other

information, all hours worked, including overtime hours, the regular and overtime pay rate(s) during the pay period.

63. Defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

## FLSA COLLECTIVE ACTION ALLEGATIONS

64. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt tipped employees, including servers and waitstaff employed by the Defendants on or after the date that is three (3) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

65. At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices and procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them proper wages, overtime premiums and spread-of-hour premiums. The claims of the Plaintiff stated herein are essentially the same as those of the FLSA Collective Plaintiffs.

66. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail in English, Spanish, and any other language.

67. Under 29 U.S.C. § 206, Plaintiff seeks to assert these allegations and claims as a collective action for:

> All persons whom Defendants employ and have employed who were performing work taking customer orders, preparing food, cleaning, deliveries, and service to the public since February 2021 to the entry of Judgment in this case (the

"Collective Action Period"), who were non-exempt employees under the FLSA (the "Collective Action Members").

68. Plaintiffs and the Collective Action Members are similarly situated on several legal and factual issues, including:

   a. Defendants employed the Collective Action Members;

   b. Collective Action Members performed similar duties;

   c. Defendants failed to keep true and accurate records for all hours Plaintiffs and Collective Action Members worked;

   d. Defendants willfully and recklessly violated the FLSA;

   e. Defendants failed to pay the Collective Action Members minimum wages for hours worked each week and overtime compensation for hours worked in excess of 40 hours per workweek at the proper rate, violating the FLSA and the regulations promulgated thereunder;

   f. Defendants should be enjoined from such violations of the FLSA in the future;

## RULE 23 CLASS ALLEGATIONS – NEW YORK

69. Plaintiff also brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class Period").

70. All said persons, including the Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class member are also determinable from the Defendants' records. For purposes of notice and other purposes related to this action, their names and

addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. Rule 23.

71. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants; upon information and belief, there are in excess of twenty (20) Class Members in Defendants' restaurant operations in New York State.

72. The Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate action. All the Class Members were subject to the same corporate practices of Defendants, as alleged herein. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. The Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

73. The Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. The Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

74. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual Class Members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without

the unnecessary duplication of efforts and expense that numerous individual actions engender.

75. Because losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress to wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action.

76. The adjudication of the individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.

77. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for the Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

78. Defendants and other employers throughout the state violate the New York wage laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

79. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

11

(a) Whether Defendants employed the Plaintiff and Class Members;

(b) What are and were the policies, practices, programs, procedures, protocols and plans of the Defendants regarding the types of work and labor for which the Defendants did not pay the Class Members properly;

(c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Plaintiff and Class Members for their work;

(d) Whether Defendants properly notified the Plaintiff and Class Members of their hourly rate and overtime rate;

(e) Whether Defendants compensated Plaintiff and Class Members spread-of-hours premium pay;

(f) Whether Defendants provided statutory meal breaks for Plaintiff and Class members; and

(g) Whether Defendants paid the Plaintiff and Class Members the proper minimum wage and overtime premium compensation;

(h) Whether Defendants, in violation of the New York State common law, shifted their burden under the federal tax laws to shoulder a portion of the payroll taxes on Plaintiff's and Class Members' wages by paying them in cash;

(i) Whether Defendants' refusal to pay such compensation and unjust enrichment is in violation of the Labor Law and/or New York State common law.

## COUNT I
## FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE
**(Brought on Behalf of Plaintiff and the Collective Action Members)**

80. Plaintiff, on behalf of himself and the Collective Action Members, hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

81. By failing to pay minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq*. including 29 U.S.C. §§ 206 and 215(a)(2).

82. Defendants' failure to pay minimum wages for all hours worked caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Therefore, Plaintiff and the Collective Action Members are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## COUNT II
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME
**(Brought on Behalf of Plaintiff and the Collective Action Members)**

83. Plaintiff, on behalf of himself and the Collective Action Members, hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

84. By failing to pay overtime at a rate of not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants violated and continue to violate the FLSA, 29 U.S.C. §§201 *et. seq.,* including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

85. Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Therefore, Plaintiff and the Collective Action Members are entitled to recover from Defendants their overtime wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## COUNT III
## NEW YORK LABOR LAW – UNPAID MINIMUM WAGE
**(Brought on Behalf of Plaintiff and Class Members)**

13

86. Plaintiff, on behalf of himself and the Class Members, hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

87. Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay minimum wage for all hours worked, in violation of the NYLL and the regulations promulgated thereunder.

88. Defendants' failure to pay minimum wage for all hours worked caused Plaintiff and Class Members to suffer loss of wages and interest thereon. Therefore, Plaintiff and the Class Members are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§663(1) *et seq.*

## COUNT IV
## NEW YORK LABOR LAW – UNPAID OVERTIME
### (Brought on Behalf of Plaintiff and Class Members)

89. Plaintiff, on behalf of himself and the Class Members, hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

90. Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay overtime at a rate of not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours each week, in violation of the NYLL and the regulations promulgated thereunder.

91. Defendants' failure to pay overtime caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Therefore, Plaintiff and the Class Members are entitled to recover from Defendants their overtime wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§663(1) *et seq.*

## COUNT V
## NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS PREMIUMS
**(Brought on Behalf of Plaintiff and Class Members)**

92. Plaintiff, on behalf of himself and the Class Members, hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

93. Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the Plaintiff and the Class Members worked either a split shift or more than ten (10) hours per day, in violation of NYLL §§650 *et. seq.,* and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs, tit. 12, §§137*1.7(2010), 146-1.6(2012).

94. Defendants' failure to pay spread-of-hours compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action.

## COUNT VI

## NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICE
**(Brought on Behalf of Plaintiff and Class Members)**

95. Plaintiff, on behalf of himself and the Class Members, hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

96. Defendants have willfully failed to supply Plaintiff and Class Members notice as required by Article 6, § 195 containing Plaintiff's and the Class Members' rate(s) of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other: hourly rate(s) of pay and overtime rate(s) of pay; regular pay day designated by the employer in accordance with NYL, Article 6, §191; the name of the employer, or any "doing business as"

15

names used by the employer, the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer plus such other information as the commissioner deems material and necessary.

97. Due to the Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants fifty dollars ($50) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided under NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and all other similarly situated Collective Action Members and Class Members, respectfully requests that this Court grant the following relief:

A. Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members;

B. Requiring Defendants to file with the Court and provide to Plaintiff's counsel a list of all names and current home addresses and email addresses of all individuals who currently work or have worked for Defendants as non-exempt during the applicable statute of limitations period;

C. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiff and his counsel to represent the Class;

D. An order tolling the statute of limitations;

E. A declaratory judgment that practices complained of herein are unlawful under the FLSA and NYLL;

F. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

G. An award of compensatory damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to FLSA and the NYLL and supporting regulations;

H. An award of liquidated damages for non-payment of minimum wages and overtime compensation under FLSA and NYLL and supporting regulations;

I. An award of fifty ($50) dollars per Plaintiff and each of the Class Members for each day that the violations of NYLL, Article 6, § 195(1) pertaining to distribution of wage notice, occurred or continued to occur, or a total of five thousand dollars ($5,000) per Plaintiff and each of the Class Members as provided for by NYLL Article 6, §198(1-b);

J. An award of two hundred fifty dollars ($250) per Plaintiff and each of the Class Members for each day that violation of NYLL, Article 6 § 195(3), pertaining to distribution of wage statements, occurred or continue to occur, or a total of five thousand dollars ($5,000) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 §198(1-d);

K. An award of pre-judgment and post-judgment interest;

L. An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

M. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury on all questions of fact the Complaint raises.

Dated: February 19, 2024
      New York, New York

**EMRE POLAT, PLLC**
EMPLOYMENT ATTORNEYS

/s/ *Emre Polat*
_____
Emre Polat, Esq. (EP6063)
45 Broadway, Suite 1420
New York, New York 10006
(212) 480-4500
*Attorneys for Plaintiff*